IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENT BELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-20-2920 |
| BRIAN E. FROSH, | * | |
| JOHN McCARTHY, | | |
| K.G., and D.M.,[1] | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Kent Bell's Complaint, which he filed together with a Motion for Leave to Proceed in Forma Pauperis (ECF Nos. 1, 2). For the reasons outlined below, the Court will grant the Motion and dismiss Bell's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted.

### I.    BACKGROUND

Plaintiff Kent Bell was convicted by a jury in the Circuit Court for Montgomery County, Maryland of sexual abuse of a minor, second-degree sexual offense, and two counts of third-degree sexual offense, and sentenced on July 12, 2013 to a total of forty-nine years of incarceration. See State Record ["SR"] at 15, 40, Bell v. Dovey, et al., No.

---

[1] The Clerk shall amend the docket to reflect the names of Defendants as listed in the above case caption. All references to the full names of K.G., the victim and a minor at the time of the offenses, and her mother, D.M., shall be redacted from the docket to maintain confidentiality.

GLR-19-2470, (D.Md. docketed March 15, 2019) [hereinafter, "Bell Habeas Petition"], ECF No. 7-1; July 12, 2013 Sentencing Tr. at 40, Bell v. Dovey, et al., No. GLR-19-2470, (D.Md. docketed March 15, 2019), ECF No. 7-4.

On October 9, 2020, Bell, who is incarcerated at the Maryland Correctional Training Center in Hagerstown, Maryland, filed his pro se Complaint against Maryland Attorney General Brian E. Frosh, Montgomery County State's Attorney John McCarthy, as well as K.G., the victim of the sexual offenses for which he was convicted, and her mother, D.M. Bell's Complaint challenges the validity of the indictment that charged him with sexual offenses. (Compl. at 2, ECF No. 1). Bell claims he sent copies of the "bogus indictment" to Defendants Frosh and McCarthy, who he alleges violated his rights under the Eighth, Thirteenth, and Twelfth Amendments to the U.S. Constitution. (Id. at 3). Bell also raises claims of slander and perjury. (Id.). As relief, Bell seeks $12 million and his release from custody. (Id.).

## II. DISCUSSION

### A. Motion to Proceed in Forma Pauperis

Bell filed his Complaint together with a Motion to Proceed in Forma Pauperis. The in forma pauperis statute permits an indigent litigant to initiate an action in federal court without paying the filing fee. See 28 U.S.C. § 1915(a). Because Bell's financial information demonstrates that he is indigent, his Motion for Leave to Proceed in Forma Pauperis will be granted.

To protect against abuse of the privilege to proceed without paying fees, the statute requires a court to dismiss any claim by an indigent litigant that fails to state a claim upon

2

which relief may be granted, is frivolous, or is malicious. 28 U.S.C. § 1915(a). The Court also recognizes its obligation to liberally construe the pleadings of self-represented litigants such as Bell. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. Id. at 93 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean, however, that the Court can ignore a clear failure in the pleading to allege a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

In light of this standard, the Court must assess whether Bell's Complaint states a cognizable claim.

**B.      Defendants Frosh and McCarthy**

Liability under § 1983 attaches where a defendant participates in the conduct that violated a plaintiff's constitutional rights. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Moreover, supervisors cannot be held responsible for the misconduct of their agents because respondeat superior liability is not available to § 1983 claims. See Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004). The Complaint's sole reference to Attorney General Frosh and Montgomery County State's Attorney McCarthy is that Bell sent copies of the "bogus" indictment to them. (Compl. at 2–3). Bell does not allege how Frosh's or McCarthy's conduct violated the law or caused him injury. Because Bell has not stated a viable claim under § 1983, the Complaint against Frosh and McCarthy will be dismissed.

Further, Bell's request for monetary damages against Frosh and McCarthy in their official capacities is barred by the Eleventh Amendment. Ordinarily, in the absence of consent, a suit against a state or its officers in their official capacity is barred. See Penhurst State Sch. & Hosp. v Halderman, 465 U.S. 89, 100 (1984). This is because a suit against a state official in his or her official capacity is not a suit against the official, "but rather is a suit against the official's office" and as such, "is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, see Md. Code Ann., State Gov't. § 12–201(a) (2014), it has not waived its Eleventh Amendment immunity to suit in federal court. Thus, Defendants Frosh and McCarthy are entitled to dismissal of the claims against them in their official capacities.

**C.     Defendants K.G. and D.M.**

To state a claim under § 1983, a plaintiff "must prove that the defendant was a state actor who (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Bell does not allege that either the victim or her mother were state actors, nor does he provide any facts suggesting that they violated his constitutional rights while acting under color of law. Thus, Bell's § 1983 claims against K.G. and D.M. must be dismissed.

**D.      Request for Damages and Release from Prison**

Bell requests monetary damages in his Complaint. Bell's claim for damages is subject to the bar to suit announced in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that when a successful civil rights action necessarily implies the invalidity of a conviction or sentence, the civil claim must be dismissed unless a plaintiff demonstrates "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. Bell does not assert, nor does the record suggest, that his conviction or sentence has been reversed, expunged or declared invalid. Thus, even if the Complaint adequately stated a claim for relief, Bell's claims are barred under Heck.

Bell's Complaint also includes a request for release from prison. To the extent Bell's request for release can be viewed as a request for federal habeas corpus relief pursuant to 28 U.S.C. § 2254, this matter represents an improper successive petition for § 2254 relief. Bell's previously filed petition in Bell v. Dovey, et al., No. GLR-19-2470, (D.Md. closed April 7, 2020), was denied and dismissed as time-barred on April 7, 2020. A petitioner may file a second or successive habeas corpus petition only if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. See 28 U.S.C. § 2244(b)(3); Felker v. Turpin, 83 F.3d 1303, 1305–07 (11th Cir. 1996). Bell provides no that he has sought such authorization. Accordingly, to the extent Bell attempts to bring a habeas claim here, this matter must be dismissed pursuant to 28 U.S.C. § 2244(b)(3) as successive application for § 2254 relief.

### E. State Law Claims

Having determined that it will dismiss the federal claims raised in the Complaint, the Court declines to exercise supplemental jurisdiction over Bell's state law perjury and slander claims. See 28 U.S.C. § 1367(c) (stating that a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction"). When, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27 (1966)). Accordingly, Bell's Complaint must be dismissed in its entirety.

### III. CONCLUSION

For the foregoing reasons, Bell's Motion to Proceed in Forma Pauperis (ECF No. 2) will be granted, and Bell's Complaint (ECF No. 1) will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted. Bell is forewarned that pursuing relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim. See 28 U.S.C. § 1915(g); see also Lomax v. Ortiz-Marquez, 140 S.Ct. 1721 (2020).  A separate Order follows.

So ordered this 22nd day of October, 2020.

_____/s/_____
George L. Russell, III
United States District Judge